24 F.3d 1464
 306 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ilmar PAEGLE
v.
UNITED STATES DEPARTMENT OF INTERIOR, et al.
 No. 93-5112.
 United States Court of Appeals, District of Columbia Circuit.
 May 26, 1994.
 
 Before: MIKVA, Chief Judge, BUCKLEY and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs of counsel, and on oral argument. The court is satisfied that appropriate disposition of the case does not call for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellant asks this court to reverse the district court's entry of summary judgment on appellant's Rehabilitation Act claim. Appellant also asks this court to reverse the district court's dismissal of appellant's Civil Service Reform Act claim for lack of jurisdiction. Because Appellant's back injury impaired his ability to perform only a narrow range of jobs, we find that it did not substantially limit any of appellant's major life activities. See e.g., Daley v. Koch, 892 F.2d 212, 215 (2d Cir.1989); Jasany v. United States Postal Service, 755 F.2d 1244, 1249 n. 3 (6th Cir.1985). Therefore, appellant is not an "individual with handicaps" within the meaning of the Rehabilitation Act. 29 U.S.C. Sec. 706(8) (1993). Appellant's claim under the Civil Service Reform Act, 5 U.S.C. Sec. 2301 et seq. (Supp.1992) is not cognizable because Sec. 2301 does not contain an implied right of action and appellant failed to exhaust the appropriate administrative remedies for alleged violations of Sec. 2302(b). It is therefore
 
 
 3
 ORDERED AND ADJUDGED that the district court order from which this appeal has been taken be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).